2010 UT App 168

**Travis TURNER, Petitioner,**

v.

**LONE PEAK PUBLIC SAFETY DISTRICT, Respondent.**

**No. 20090191–CA.**

Court of Appeals of Utah.

June 24, 2010.

Jerrald D. Conder, Salt Lake City, for Petitioner.

David L. Church, Salt Lake City, for Respondent.

Before Judges McHUGH, ORME, and BILLINGS.[1]

MEMORANDUM DECISION

ORME, Judge:

¶ 1 Travis Turner seeks judicial review of his termination from employment as a police officer by the Lone Peak Public Safety District (LPPSD), which serves the cities of Alpine and Highland. We review the deci-

---

1. The Honorable Judith M. Billings, Senior Judge, sat by special assignment pursuant to Utah Code section 78A–3–103(2) (2008) and rule 11–201(6) of the Supreme Court Rules of Professional Practice.

sion of LPPSD's Appeal Board "on the record of the appeal board and for the purpose of determining if the appeal board abused its discretion or exceeded its authority." [2] Utah Code Ann. § 10–3–1106(6)(c) (Supp.2009). *See generally Tolman v. Salt Lake County Attorney*, 818 P.2d 23, 26 (Utah Ct.App.1991) (equating "abuse of discretion" with "a clearly erroneous conclusion and judgment") (citation and internal quotation marks omitted).

¶ 2 The Appeal Board found the following pertinent facts: During a late night phone call initiated by his ex-wife, Turner made a death threat against Lehi's police chief, which call she recorded and conveyed to the authorities; "Turner was under the influence of alcohol and legally prescribed medications" during the phone call; the Lehi Police Department took his threat seriously, taking steps to protect its chief's safety; and Turner's threat resulted in the Lehi Police Department refusing to "back up" LPPSD officers until the matter was resolved. Turner does not challenge these factual findings.

¶ 3 Based on these findings, the Board concluded that Turner's termination, as recommended by LPPSD's chief and affirmed by its director, was appropriate because the death threat against Lehi's police chief constituted "misconduct" or "cause" under LPPSD's policy. In particular, the Board agreed with LPPSD's reasons for Turner's termination, i.e., that Turner's actions were "conduct which discredits [LPPSD], conduct unbecoming an employee[,] and acts evidencing moral turpitude." The Board also stated that "Turner being under the influence of alcohol and prescription medication when he made the threats does not mitigate against Mr. Turner being disciplined for this misconduct but does in fact argue in favor of [LPPSD] needing to discipline Mr. Turner." Finally, the Board concluded that "[t]ermination of employment [wa]s an appropriate level of discipline for the misconduct" be-

cause the misconduct "involved threats of violence, including the threat to use a gun and involved outside police agencies to the detriment and embarrassment" of LPPSD, and "potentially put the residents of Alpine City and Highland City at risk."

¶ 4 Turner argues that the Board's decision was improper for various reasons, only some of which merit comment. *See generally Valcarce v. Fitzgerald*, 961 P.2d 305, 313 (Utah 1998) ("It is well established that an appellate court will decline to consider an argument that a party has failed to adequately brief.").[3] First, Turner claims that his intoxication made the death threat involuntary, and thus, the Board could not legally conclude that his behavior was "conduct unbecoming an officer." This argument is without merit. Although the Board did not explicitly find that Turner's intoxication was voluntary, his testimony clearly established that his intoxication resulted from his voluntarily drinking alcohol while taking a combination of prescription medications. As a trained police officer, Turner should have known the danger of mixing potent prescription medications with alcohol. Thus, Turner's voluntary use of prescription drugs and alcohol establishes that the Board did not abuse its discretion in determining Turner's intoxicated actions were "unbecoming an officer." *See generally Kelly v. Salt Lake City Civil Serv. Comm'n*, 2000 UT App 235, ¶ 18, 8 P.3d 1048 (approving commission's finding that petitioner's "act of ingesting the medication in a manner inconsistent with medical advice was voluntary, thereby making her responsible for her conduct while intoxicated"). Additionally, even if we were to agree with Turner's argument and reject the Board's determination that Turner's actions were "unbecoming an officer," he provides no analysis or argument refuting the other two reasons given by the Board to justify his termination, i.e., "conduct which discredits

---

2. Although Turner asserts that we are to review the Board's legal conclusions under a correctness standard articulated in the tax code, the statute that grants us authority and jurisdiction to hear this matter limits our review to "determining if the appeal board abused its discretion or exceeded its authority." Utah Code Ann. § 10–3–1106(6)(c) (Supp.2009).

3. Turner fails to identify where in the record several of his issues were preserved, *see* Utah R.App. P. 24(a)(5)(A), and with respect to those issues, fails to state "grounds for seeking review" in the absence of preservation, *id.* R. 24(a)(5)(B).

[LPPSD]" and "[a]cts evidencing moral turpitude," each of which separately warrants termination without prior warning under LPPSD's policies. Accordingly, Turner's termination would stand even if we were persuaded by his "conduct unbecoming an officer" argument.

¶ 5 Second, Turner asserts that his private statements[4] were an exercise of his fundamental right of free speech protected by the First Amendment to the United States Constitution, and so terminating him based on those statements violated his substantive due process rights guarantied by the Fourteenth Amendment to the United States Constitution. When the smoke is blown away, Turner apparently argues that because of the private setting in which he spoke, or because of his intoxication, the scope of his free speech rights extends to a death threat aimed at a police chief. The proposition is, of course, doubtful, but Turner has not indicated in his brief where he argued this issue before the Board, thus preserving the issue for judicial review, *see generally* Utah R.App. P. 24(a)(5)(A)-(B). Therefore, we decline to address it further.

¶ 6 Finally, Turner asserts that termination was a disproportionate sanction for his transgression. *See generally Kelly*, 2000 UT App 235, ¶ 16, 8 P.3d 1048. This argument is unavailing both because it is premised on our accepting Turner's unsuccessful involuntary intoxication argument and because he presents no evidence to satisfy his burden to prove that the sanction was inconsistent with previous sanctions imposed by LPPSD for similar conduct. *See id.* ¶¶ 27, 30 (discussing statutory requirement of determining "whether the discipline imposed was appropriate").

¶ 7 In conclusion, the Board did not abuse its discretion in determining that Turner's actions were "unbecoming an officer," even given that they transpired when Turner was intoxicated, because the evidence before the Board clearly established that Turner's voluntary actions led to his intoxication. Turner has failed to establish that his free speech and due process claims were properly preserved for appeal, and consequently these claims also fail. Finally, Turner has not demonstrated that the Board abused its discretion in concluding that termination was warranted, and he has failed to identify past inconsistent disciplinary actions that would trigger a proportionality analysis. Accordingly, the Board's decision stands.

¶ 8 WE CONCUR: CAROLYN B. McHUGH, Associate Presiding Judge and JUDITH M. BILLINGS, Senior Judge.

---

4. Although Turner attempts to classify his statements as "private" because they were made during a telephone conversation with his ex-wife, the statements were immediately disclosed to the appropriate authorities and had an obvious public effect, i.e., causing his ex-wife to obtain a temporary protective order, damaging the relationship between nearby police departments, and wasting law enforcement resources.